**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4061

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARION GRAHAM, a/k/a Pluck,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00126-FL-1)

Submitted:  November 30, 2022                              Decided:  February 1, 2023

Before KING, WYNN, and RICHARDSON, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darion Graham pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; two counts of distributing and aiding and abetting the distribution of heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(C); and aiding and abetting possession with the intent to distribute 100 grams of heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B).  The district court sentenced Graham to 365 months' imprisonment.  On appeal, Graham argues that he received ineffective assistance of counsel at sentencing, the Government breached the plea agreement, and the district court erred in calculating the Sentencing Guidelines range.

Graham first argues that he received ineffective assistance of counsel when his trial attorney lodged numerous objections to the presentence report but presented no evidence or argument in support of those objections or in support of a lower Sentencing Guidelines range.  He cites *United States v. Cronic*, 466 U.S. 648 (1984), in arguing that a presumption of prejudice applies, warranting remand to the district court.  Alternatively, he argues that this case should be remanded to the district court for a hearing on whether counsel's performance was deficient.

To demonstrate constitutionally ineffective assistance of counsel, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* We "must indulge a strong presumption that counsel's conduct falls within the wide range

2

of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Generally, a defendant should instead raise ineffectiveness claims in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

Nothing in the present record overcomes the strong presumption that counsel's representation was reasonable. Nor does the record support Graham's contention that counsel's performance was so deficient as to have presumptively denied him the right to counsel under *Cronic*. Because ineffective assistance of counsel is not conclusively established on the face of the record, Graham must raise this claim, if at all, in a collateral challenge pursuant to 28 U.S.C. § 2255. *Massaro*, 538 U.S. at 504-06.

Graham next argues that the Government breached the plea agreement by requesting to be relieved from its obligation to move for a third offense level reduction for acceptance of responsibility. Because Graham did not preserve this issue in the district court, we review the issue for plain error. *See United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914

F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). "The [G]overnment breaches a plea agreement when a promise it made to induce the plea goes unfulfilled." *Tate*, 845 F.3d at 575. "In determining what promises the government made, we read a plea agreement's plain language in its ordinary sense." *Id.* (internal quotation marks omitted). The party alleging a breach of the plea agreement must "establish[] that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000).

In the plea agreement, the parties agreed that a three-level decrease in the offense level for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2018), was warranted. However, the agreement stated that the Government would no longer be bound to its position on acceptance of responsibility "if Defendant's conduct prior to sentencing changes the circumstances with respect to [acceptance of responsibility]." (J.A. 202-03). Because the evidence at the sentencing hearing supported a finding that the circumstances had changed with respect to Graham's acceptance of responsibility, the district court did not plainly err in releasing the Government from its obligation under the plea agreement.

Finally, Graham challenges the district court's decision to grant only a two-level reduction for acceptance of responsibility in calculating the Sentencing Guidelines range. The Government argues that Graham waived the right to contest this issue by way of the appeal waiver contained in the plea agreement. We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "A defendant

4

may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

We conclude that Graham's appeal waiver was knowing and voluntary. Graham does not argue otherwise, the language of the appeal waiver is clear and unambiguous, and the magistrate judge questioned Graham regarding the waiver during the Rule 11 hearing. Turning to the scope of the waiver, Graham agreed to waive his right to appeal his sentence on any ground except for ineffective assistance of counsel or prosecutorial misconduct. As Graham's challenge to the district court's calculation of the Sentencing Guidelines range does not fall within an exception to the appeal waiver, Graham's claim is barred by the waiver.

Accordingly, we dismiss the appeal as to Graham's sentencing challenge that is barred by the appellate waiver, affirm as to the claims not foreclosed by the waiver, and deny Graham's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

5